*J. A. Brent, for appellant.*

---

HUGH BRISTOW *v.* B. J. PETERS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—289, 300.]

**Sale to Pay Creditors.**

After a sale of real estate is ordered by this court to pay creditors, the assignee in bankruptcy of the debtor has a right to be made a party and to be heard, and if he is made a party before a final distribution of the assets he will be allowed to appeal for the creditors.

**Usury.**

In the distribution of a debtor's estate sureties who have paid the debtor's debts and are preferred by a mortgage are not allowed ten per cent. on their claim. They are entitled only to the legal rate of interest.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 4, 1884.

OPINION BY JUDGE PRYOR:

There was no error committed by the court below in rendering a judgment for the sale of the property owned by Bristow. The estate had passed from him to his creditors and it was manifest that a sale had to be made to pay his indebtedness. It was not a question as to the amount for which the property should be sold for if such had been the case the sale would have been premature but here the sale was indispensable for the distribution of the proceeds be-

tween creditors. The only question in this case is, was the sale a fair and open one or is there any reason for disturbing it. The property consisted of a business house and hall in the town of Mt. Sterling and was appraised prior to the sale by appraisers familiar with the property and fully competent to judge of its value. The property was appraised at $3,800 and when offered for sale several bids were made by persons living within the town and the competition was such as conduced to the conclusion that the property sold for more than two-thirds of its value. The test of its value is not only determined or fixed by those appraising the property but by the actual and active competition on the part of bidders who were wanting the property and able to make their bids good. . Under the circumstances the opinions of those at most only speculative should not have controlled the action of the court on the motion to set aside the sale.

Bristow, the debtor, had mortgaged the house in question to Peters and others to indemnify them as his sureties for borrowed money and by the terms of the mortgage so far as that debt was concerned his right to homestead was gone. The property as before stated had to be sold as there is no pretense that the same was divisible and if entitled to a homestead it must have been in the proceeds of the property after satisfying the liens that had preference over it. The claim to a homestead is somewhat equivocal, and while he may have been living in the property with his family in good faith the right as against the mortgagees could not have prevailed.

As the property was placed in the hands of a receiver and has since been sold we are not disposed to adjudge that there was any abuse of discretion on the part of the court in making such an order and particularly when the creditors who were entitled to the proceeds were entitled to have the sale made, not as a matter of discretion but as a matter of right on the part of the creditors for distribution. Mitchell, the assignee, in bankruptcy, was made a party after the judgment of sale and is complaining of these errors as well as Bristow. It is argued by the appellees that he has no right to be heard. If a party to the action before a final distribution we see no reason why he should not be allowed to appeal for creditors. There is a claim allowed the Farmer's Bank when the bank so far as the record shows is not before the court, and

also interest allowed the sureties who were the mortgagees at the rate of ten per cent. interest not only on the original debt but the sale bonds. This was error. While the surety paid the ten per cent. or undertook to pay it, the obligation signed by them was for borrowed money and the only interest they are entitled to is such as the law allows. They were entitled to six per cent. and no more, and all that is realized over and above that sum the sureties must refund. The property was sold for $3,608 with ten per cent. interest on the bonds. This the purchaser will account for and the mortgagees, the sureties, will only get their debt and six per cent. interest and the balance will be paid to the assignee for creditors or for the homestead interest as may be determined by the court. The appellant Bristow may be heard as to this right of homestead when the case returns and if entitled to a homestead there should be paid over to him the balance of the purchase money after satisfying the liens of Peters, &c. that have the preference over him. We see no reason for disturbing the sale.

Judgment *reversed* and cause remanded with directions to permit the appellant Bristow to amend his pleadings as to his claim for homestead and if living in the house with his family or if he makes out a case against creditors the surplus money should be paid to him and if not to the creditors. The judgment allowing the claim of the Farmers' Bank is reversed as it is not here asking a judgment and not before the court, and if it was there is no preference given it that we can see. No judgment for costs should be rendered against it. The judgment for costs should be rendered against B. J. Peters, Chilton Thompson, Van Thompson and Geo. W. Bayne in favor of Hugh Bristow and Mitchell. The sureties, Peters, Thompson, &c. should be allowed 6 per cent. interest on their money up to the maturity of the sale bonds and will account if they have received the money for the 4 per cent. usurious interest up to the maturity of the bond. After the maturity of the bonds they should be changed with only 6 per cent. on what may be owing by them, and the cause is remanded for proceedings consistent with this opinion.

Judge Holt not sitting.

*J. J. Cornelison, for appellant.*

*B. J. Peters, John Elliott, for appellees.*

[Cited in *Otter v. Barber Asphalt Pav. Co.,* 29 R. 1157, 96 S. W. 862.]